UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CARON SPENCER,

    Plaintiff,

    v.

CRAIG MACDONALD, and
JACK TAEFF,

    Defendants.

                                /

Case No. 14-cv-13858

UNITED STATES DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

UNITED STATES MAGISTRATE JUDGE
R. STEVEN WHALEN

**OPINION AND ORDER GRANTING IN PART AND DENYING IN PART
PLAINTIFF'S MOTION *IN LIMINE* [30]**

## I. INTRODUCTION

Caron Spencer ("Plaintiff") commenced this action on October 6, 2014 against Craig MacDonald and Jack Taeff (collectively, "Defendants"). *See* Dkt. No. 1. Plaintiff alleges that Defendants used excessive force against him and falsely arrested/detained/seized him during a traffic stop in Inkster, Michigan, in October 2012. *See id.* at 2.

Plaintiff has filed a Motion *in Limine* in preparation for trial [30], which seeks to exclude three evidentiary issues. Dkt. No. 30, p. 2 (Pg. ID No. 506). The Court has reviewed and considered the Motion and supporting brief, and the entire

record of this matter, and also conducted a hearing on this matter on May 2, 2016, where the Court heard arguments on the issues.

For the reasons discussed herein, the Court will **GRANT** in part and **DENY** in part Plaintiff's Motion *in Limine* [30]. The Court's Opinion and Order is set forth in detail below.

## II. LEGAL STANDARD

A motion *in limine* refers to "any motion, whether made before or during trial, to exclude anticipated prejudicial evidence before the evidence is actually offered." *Luce v. United States*, 469 U.S. 38, 40 n.2 (1984). The purpose of a motion *in limine* is to eliminate "evidence that is clearly inadmissible for any purpose" before trial. *Ind. Ins. Co. v. GE*, 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004). A district court rules on evidentiary motions *in limine* "to narrow the issues remaining for trial and to minimize disruptions at trial." *United States v. Brawner*, 173 F.3d 966, 970 (6th Cir. 1999). The guiding principle is to "ensure evenhanded and expeditious management of trials." *Ind. Ins.*, 326 F. Supp. 2d at 846.

Although neither the Federal Rules of Evidence, nor the Federal Rules of Civil Procedure explicitly authorize a court to rule on an evidentiary motion *in limine*, the Supreme Court has allowed district courts to rule on motions *in limine* "pursuant to the district court's inherent authority to manage the course of trials." *See Luce*, 469 U.S. at 41 n.4. District courts are granted very broad discretion in

determining whether the probative value of evidence outweighs any danger of unfair prejudice. *United States v. Vance*, 871 F.2d 572, 576 (6th Cir. 1989).

A district court should grant a motion to exclude evidence *in limine* "only when [that] evidence is clearly inadmissible on all potential grounds." *Ind. Ins.*, 326 F. Supp. 2d at 846. In cases where that high standard is not met, "evidentiary rulings should be deferred until trial so that questions of foundation, relevancy, and potential prejudice may be resolved in proper context." *Id*. Denial of a motion to exclude evidence *in limine* does not necessarily mean that the court will admit the evidence at trial. *See Luce*, 469 U.S. at 41. "[E]ven if nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial discretion, to alter a previous *in limine* ruling." *Id*. at 41–42.

### III. DISCUSSION

Plaintiff's Motion in Limine [30] addresses three separate evidentiary issues: (1) that Plaintiff was alleged to have spit in the patrol vehicle; (2) that Plaintiff spent the night after this incident at a party and/or at a motel with a female friend; and (3) the criminal backgrounds of witnesses called by Plaintiff. Dkt. No. 30, p. 2 (Pg. ID No. 506). A discussion of the Motion is below.

### 1. The Court Will Deny Plaintiff's Motion *in Limine* as to Excluding Evidence of Plaintiff Spitting in the Patrol Vehicle

First, Plaintiff seeks to exclude the allegation that he spit in Lieutenant Grady's vehicle. Dkt. No. 30, p. 2 (Pg. ID No. 506). The fact that Plaintiff spit inside the patrol vehicle is not in dispute. *See* Dkt. No. 24-4, pp. 58–59 (Pg. ID No. 199–200) (admitting to spitting in the patrol vehicle); Dkt. No. 24-2, p. 18 (Pg. ID No. 115) (recalling that Plaintiff spit in the patrol vehicle); Dkt. No. 24-3, p. 22 (Pg. ID No. 140) (same); Dkt. No. 24-9, p. 14 (Pg. ID No. 350) (same). Nevertheless, the Court must examine whether this conduct is relevant to the claims in this case.

As an initial matter, the Court notes that evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence" and that fact "is of consequence in determining the action." FED. R. EVID. 401. Only relevant evidence is admissible. FED. R. EVID. 402.

Plaintiff cites to *Sayler v. Gilbert*, No. 2:08-CV-516, 2010 WL 4117453 (S.D. Ohio Oct. 18, 2010), in support of his argument that evidence of his spitting in the patrol vehicle should be excluded. Dkt. No. 30, pp. 6–7 (Pg. ID No. 510–11). In *Sayler*, the district court provisionally granted the plaintiff's motion to exclude evidence of the plaintiff's conviction for spitting on a police officer 45 minutes after the assault, stating that "[t]he significant lapse of time between the alleged assault and the spitting incident make the later event, which is not at issue,

unrelated to the earlier events." 2010 WL 4117453, at *1. However, here, unlike in *Sayler*, the spitting occurred in close temporal proximity to the alleged use of force, lacking a "significant lapse of time" between the events. Additionally distinguishing is that Plaintiff was not convicted for harassment with a bodily substance, as *Sayler* was, so this evidence is not governed by standards for admissibility for criminal convictions against a plaintiff.

In the present case, one of the issues to be litigated is whether Defendant MacDonald had probable cause to arrest Plaintiff for drunk and disorderly conduct. Plaintiff asserts that he was sober at the time of the incident and politely complied with orders from the officers, whereas Defendants assert that Plaintiff was out of control that evening. Accordingly, due to this dispute of fact, Plaintiff's conduct in the moments surrounding his removal from the car and his arrest are relevant to the case. *See Edwards v. Thomas*, 31 F. Supp. 2d 1069, 1073–74 (N.D. Ill. 1999) (finding that a plaintiff's behavior "following so shortly on the heels of his arrest . . . [and] not so much 'after' the alleged excessive force incident" was "part of the continuing interaction" between the plaintiff and police officer such that it was relevant to whether the officer's actions were reasonable).

As the evidence of Plaintiff's spitting is relevant, the inquiry then turns on whether it is unfairly prejudicial. " 'Unfair prejudice' means the undue tendency to suggest a decision based on *improper considerations*; it 'does not mean the

damage to a [party's] case that results from the legitimate probative force of the evidence.' " *Doe v. Clairborne County, Tenn.*, 103 F.3d 495, 515 (6th Cir. 1996) (quoting *United States v. Bonds*, 12 F.3d 540, 567 (6th Cir. 1993)) (emphasis added). Evidence of the spitting incident does not support Plaintiff's claim that he politely complied with officers and was neither drunk nor disorderly that evening, such that there was no basis for his arrest. However, the fact that this relevant evidence damages Plaintiff's claims is not sufficient grounds upon which to exclude it, since it is highly probative of the continuing interaction between Plaintiff and the troopers that evening.

Thus, Plaintiff's request to exclude evidence of spitting in Lieutenant Grady's vehicle is **DENIED** without prejudice to renewal in the context of the trial.

### 2. The Court Will Grant in Part and Deny in Part Plaintiff's Motion *in Limine* as to Excluding Evidence that the Plaintiff Spent the Night at a Party and Motel with a Female Friend Following the Incident.

Second, Plaintiff seeks to exclude evidence relating to the fact that he spent the night following the incident at a party and a motel with a female friend. Dkt. No. 30, p. 2 (Pg. ID No. 506). Plaintiff asserts that this evidence is not relevant, as it pertains to conduct that occurred after the alleged use of excess force. *Id*.

In his Complaint, Plaintiff asserts that "[a]s a result of Defendants' illegal actions, [he] suffered injuries and damages." Dkt. No. 1, pp. 3, 5 (Pg. ID No. 3, 5).

Accordingly, the issues in this case involve Defendants' conduct and the injuries Plaintiff suffered. Specifically, Plaintiff has argued that he sustained bruises on both his wrists and had difficulty swallowing the night of the incident, making the extent of his physical injuries relevant to the present dispute. *See* Dkt. No. 26, p. 13 (Pg. ID No. 389); Dkt. No. 26-2, p. 11 (Pg. ID No. 414). In the Joint Final Pretrial Order, Plaintiff also alleges damages from a "neck injury."

Since Plaintiff is alleging that he suffered physical injuries from MacDonald's conduct, the extent of his physical injuries is relevant to the damages he seeks. Plaintiff's ability to engage in social activities immediately following the incident—particularly those involving his ability to swallow, such as eating and drinking—is particularly relevant because there is no other evidence provided to document the extent of his injuries, such as medical records or photographs. Due to the absence of evidence regarding Plaintiff's physical injuries, and the fact that the nature and extent of Plaintiff's injuries are in dispute, the probative value of this issue far outweighs any danger of unfair prejudice. However, the fact that Plaintiff spent the night in a motel with a female friend, although relevant, is more prejudicial than probative, so the Court will exclude that part of the proffered testimony.

Accordingly, Plaintiff's request to exclude evidence that he spent the night after this incident at a party is and at a motel with a female friend is **GRANTED** in part **DENIED** in part without prejudice to renewal in the context of the trial.

### 3. The Court Will Deny Plaintiff's Motion *in Limine* as to Excluding Evidence of His Witnesses' Criminal Backgrounds.

Finally, Plaintiff seeks to exclude evidence relating to the criminal backgrounds of witnesses he calls to testify. Dkt. No. 30, p. 2 (Pg. ID No. 506). Plaintiff argues that this evidence is more prejudicial than probative. *Id*. Plaintiff states that "any" evidence of his witnesses' prior criminal history is irrelevant to the issues presented and in violation of Federal Rule of Evidence 403. *See* Dkt. No. 30, pp. 8–9 (Pg. ID No. 512–13). Federal Rule of Evidence 403 provides that "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."

However, while Rule 403 provides guidelines regarding relevance and potential prejudice that govern all evidence, Rules 608 and 609 are specifically on point with regard to this issue. Rule 608 prohibits the use of extrinsic evidence to prove specific instances of a witness's conduct in order to attack or support the witness's character for truthfulness, with the exception of criminal convictions

under Rule 609. FED. R. EVID. 608(b). Specifically, Rule 609 provides the following rules for attacking a witness's character for truthfulness, utilizing evidence of a criminal conviction: "for a crime that, in the convicting jurisdiction, was punishable by death or by imprisonment for more than one year, the evidence . . . *must be admitted*, subject to Rule 403, in a civil case . . . ." FED. R. EVID. 609(a)(1)(A) (emphasis added). Evidence of criminal convictions over 10 years old may only be admissible if the probative value substantially outweighs the prejudicial effect and the adverse party has been provided reasonable written notice of the proponent's intent to use the evidence. FED. R. EVID. 609(b).

Rule 609 applies to the use of certain evidence of criminal conduct for impeachment purposes but does not bar the use of such evidence "for other purposes," as allowed by Federal Rule of Evidence 404(b). Thus, while the witnesses' criminal history may not be admitted "to prove [their] character," it may be admissible to prove things such as "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." FED. R. EVID. 404(b). When considering the admissibility of evidence under Rule 404(b), the Court must (1) make a preliminary determination as to whether sufficient evidence exists that the prior act occurred; (2) make a determination as to whether the "other act" is admissible for a proper purpose under Rule 404(b); and (3) determine

whether the "other acts" evidence is more prejudicial than probative under Rule 403. *United States v. Mack*, 258 F.3d 548, 553 (6th Cir. 2001).

In the present case, Plaintiff has not provided the Court with sufficient information to consider the issue in light of Rules 404(b) and 609. Specifically, Plaintiff has provided no evidence of criminal convictions or the sentences that may have been imposed in connection with those convictions. *See* Dkt. No. 30, pp. 8–10 (Pg. ID No. 512–14). It would be improvident, in the Court's opinion, to weigh the factors contemplated by Rule 403 based on the broad issue of "criminal history," rather than on specific information regarding the offenses in question. *See Sperberg v. Goodyear Tire & Rubber Co.*, 519 F.2d 708, 712 (6th Cir. 1975) ("Orders in limine which exclude broad categories of evidence should rarely be employed [because a] better practice is to deal with questions of admissibility of evidence as they arise.").

Accordingly, Plaintiff's request to exclude evidence of his witnesses' criminal histories is **DENIED** without prejudice to renewal in the context of the trial.

### IV. CONCLUSION

These are the preliminary rulings of the Court. The Court emphasizes that "[a] ruling on a motion *in limine* is no more than a preliminary, or advisory, opinion that falls entirely within the discretion of the district court . . . the district

court may change its ruling at trial for whatever reason it deems appropriate," and "where sufficient facts have developed to warrant the change." *United States v. Yannott*, 42 F.3d 999, 1007 (6th Cir. 1994) (citing *United States v. Luce,* 713 F.2d 1236, 1239 (6th Cir. 1983) *aff'd,* 469 U.S. 38 (1984)).

Accordingly, the Court will **GRANT** in part and **DENY** in part Plaintiff's Motion *in Limine* [30].

IT IS SO ORDERED.

Dated: May 3, 2016

/s/Gershwin A Drain
HON. GERSHWIN A. DRAIN
United States District Court Judge