UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CARON SPENCER,

Plaintiff,

v.

CRAIG MACDONALD, and
JACK TAEFF,

Defendants.

Case No. 14-cv-13858

UNITED STATES DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

UNITED STATES MAGISTRATE JUDGE
R. STEVEN WHALEN

_____/

**OPINION AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR COURT TO REVIEW TAXED COSTS ASSESSED BY CLERK OF THE COURT [56]**

**I. INTRODUCTION**

Pending before the Court is Plaintiff Caron Spencer's Motion for Court to Review Taxed Costs Assessed by Clerk of the Court. Dkt. No. 56. After reviewing the relevant pleadings, the Court finds that the motion should be granted in part, and denied in part. The Court's Opinion and Order is set forth in detail below.

**II. BACKGROUND**

The above-referenced case concerned claims of excessive force and failure to intervene brought by Spencer against Defendants Craig MacDonald and Jack Taeff. On May 10, 2016, trial began in the case. On May 13, 2016, the jury

-1-

rendered a verdict in favor of Defendants on all counts. Dkt. No. 49. The Court entered its Judgment on the Jury Verdict on May 18, 2016. Dkt. No. 50.

Defendant filed its bill of costs with the Court on June 15, 2016. Dkt. No. 52. The following day, the clerk entered the taxed bill of costs in the amount of $652.27. Dkt. No. 53. Plaintiff filed his Motion for Court to Review the Taxed Costs Assessed by the Clerk on June 23, 2016. Dkt. No. 56. On July 7, 2016, Defendants filed their response to the motion. Dkt. No. 57.

## LEGAL STANDARD

The Federal Rule of Civil Procedure 54(d)(1) provides that costs, other than attorney's fees, should be granted to the prevailing party. Title 28, United States Code, Section 1920 sets forth which costs are taxable. Section 1920 allows recovery of the following costs:

(1) Fees of the clerk and marshal;

(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and the costs for making copies of any materials where the copies are necessarily obtained for use in the case;

(5) Docket fees under [28 U.S.C. § 1923]; and

> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under [28 U.S.C. § 1828].

28 U.S.C. § 1920. The United States District Court Eastern District of Michigan Local Rules 16.5(d) also allows for the award of actual costs, provided the costs sought are not duplicated under a statute or the Federal Rules of Civil Procedure.

The authority to tax costs of litigation against a losing party lies within the sound discretion of the district court. *Jones v. Cont'l Corp.*, 789 F.2d 1225, 1233 (6th Cir. 1986). "Indeed, the Supreme Court has recognized that the rule, which provides that costs 'shall be allowed as of course to the prevailing party unless the court otherwise directs,' signals the general proposition that 'liability for costs is a normal incident of defeat.' " *Id.* (quoting *Delta Air Lines, Inc. v. August*, 450 U.S. 346, 352 (1981)).

### III. DISCUSSION

Plaintiff's Motion objects to two separate bills included in the taxed costs: the appearance fees for depositions, which total $165.00, and the e-transcript fee in the amount of $7.60. Dkt. No. 56, p. 2 (Pg. ID No. 847).

### 1. The Court Will Deny Plaintiff's Motion As To Appearance Fees

Plaintiff's first objection addresses appearance fees for depositions. *Id.* Of the $165.00 billed for appearance fees, $90.00 was billed from the September 25,

2015 depositions of Brandon Barker, Robert O'Neal, and Troy Singleton, Dkt. No. 56-1, p. 6 (Pg. ID No. 856), and $75.00 was billed from the August 11, 2015 deposition of Plaintiff Caron Spencer. Dkt. No. 56-1, p. 7 (Pg. ID No. 857).

Plaintiff cites to a 1995 case out of the District of Utah in support of his argument that court reporter appearance fees are not recoverable costs. Dkt. No. 56, p. 3 (Pg. ID No. 848) (citing *Hansen v. Sea Ray Boats*, 160 F.R.D. 166, 167 (D. Utah 1995)). Had Plaintiff looked to cases within the Sixth Circuit, he would see that this argument is misplaced. In *Arrambide v. Wal-Mart Stores, Inc.*, 33 F. App'x 199, 203 (6th Cir. 2002), the Sixth Circuit held that since a "court reporter's appearance fee is necessary to take a deposition," "it [is] permissible to tax costs for the appearance fee."

Thus, Plaintiff's request to review the costs associated with court reporter appearance fees is **DENIED**, and the appearance fees will remain a taxed cost.

### 2. The Court Will Grant Plaintiff's Motion As To E-Transcript Fees

Next, Plaintiff argues that the e-transcript fee ($7.60) charged by the court reporter should not have been taxed because this is really nothing more than a "convenience charge" and was not necessary for the litigation. Dkt. No. 56, p. 3 (Pg. ID No. 848).

Although the Sixth Circuit has not yet addressed whether e-transcript fees would fall under "[f]ees for . . . electronically recorded transcripts necessarily

obtained for use in the case," 28 U.S.C. § 1920, one other case in the Eastern District of Michigan has found that such a fee is not covered in § 1920. *See IMRA Am., Inc. v. IPG Photonics Corp.*, No. 06-15139, 2012 WL 6553523, at *2 (E.D. Mich. Dec. 14, 2012). According to the Court in *IMRA*, e-transcripts "are not taxable as costs because they are for the convenience of counsel, rather than a necessity for trial." *Id*.

Thus, although the $7.60 spent by Defendants to obtain an e-transcript of Plaintiff's deposition hardly qualifies as "a luxury" in the present era of electronic filing, there is not support that it was absolutely necessary for trial. Accordingly, the Court **GRANTS** Plaintiff's Motion, with respect to the $7.60 e-transcript fee.

### IV. CONCLUSION

Accordingly, the Court will **GRANT** in part and **DENY** in part Plaintiff's Motion for Court to Review Taxed Costs Assessed by Clerk of the Court [56]. Defendants' Bill of Costs shall be reduced by the cost of the e-transcript, $7.60.

IT IS SO ORDERED.

Dated: August 1, 2016                s/Gershwin A. Drain
                                                          GERSHWIN A. DRAIN
                                                          United States District Judge

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on **August 1, 2016.**

                  s/Shawna Burns on behalf of Tanya R. Bankston
                  TANYA R. BANKSTON
                  Case Manager & Deputy Clerk